**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30303

_____


ELAINE BORSKEY, ET AL.; JAMES A. BORSKEY; LEON PIERSON;
TERESA PIERSON; PEGGY MORAN; JAMES MORAN, and all
similarly situated,

                                        Plaintiffs-Appellants,

VERSUS


MEDTRONICS, INCORPORATED,

                                          Defendant-Appellee

VERSUS


SANOFI WINTHROP PHARMACEUTICALS,

                                                Defendant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-2302)
_____
December 9, 1996

Before DAVIS and DUHÉ, Circuit Judges and DOWD[1], District Judge.

PER CURIAM:[2]

_____

[1] District Judge of the Northern District of Ohio, sitting by
designation.

[2] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except

Appellants challenge the district court's judgment rejecting their claim for damages for personal injuries predicated on Louisiana products liability law and RICO. The district court rejected the RICO action on grounds that RICO has no applicability to an action for damages from personal injuries. We agree and for reasons stated by the district court in its March 13, 1995 order affirm the dismissal of the RICO claim.

The district court dismissed appellants' products liability action as preempted under the Medical Device Amendments of 1976 to the Federal Food, Drug and Cosmetic Act. 21 U.S.C. § 301 et seq. Some time later, the Supreme Court issued a decision in <u>Medtronics, Inc. v. Lohr</u>, 513 U.S. ___, 116 S. Ct. 2240, 135 L. Ed. 2d 700 (1996), which addresses the scope of the MDA's preemption provision, 21 U.S.C. § 360k(a).

Section 360k(a) of the MDA prohibits states from "establish[ing] or continu[ing] in effect with respect to a device intended for human use any requirement" that is "different from, or in addition to, any requirement applicable under this chapter to the device" and that "relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device." 21 U.S.C. § 360k(a). In <u>Lohr</u>, a plurality found that "[n]othing in § 360k denies [a state] the right to provide a traditional damages remedy for violations of common-law duties when

under the limited circumstances set forth in Local Rule 47.5.4.

**2**

those duties parallel federal requirements."  Lohr, 116 S. Ct. at 2255.  The dissent agreed, stating that state law "claims are not pre-empted by § 360k to the extent that they seek damages for [a defendant's] alleged violation of federal requirements."  Id. at 2264.

To the extent that the appellants' state law actions set forth violations of federal requirements, they are not preempted. However, any other state law claims appellants wish to assert must be assessed individually in light of Lohr to determine § 360k's preemptive effect.  This sort of analysis should be initially undertaken by the district court, guided by the Lohr decision. Thus, we vacate and remand the judgment of the district court on appellants' products liability claims for further consideration in light of Lohr and this opinion.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.